**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IRIANNA FRANSISKA PARDEDE; et al.,

              Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 08-70760

Agency Nos. A097-877-646
A097-877-647
A097-877-663

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

    Irianna Fransiska Pardede and two of her children, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying

Pardede's application for asylum, withholding of removal, and relief under the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Pardede's asylum application was untimely, and that no extraordinary circumstances excused the untimely filing, because the relevant facts are in dispute. *See Ramadan v. Gonzales*, 479 F.3d 646, 656-57 (9th Cir. 2007) (per curiam).

In their opening brief, petitioners do not reassert the arguments they made to the BIA that the IJ failed to consider the attempted rape of Pardede in 1983, and the cumulative effect of the incidents Pardede endured in evaluating past persecution. Nor do they contend the BIA erred in failing to address those arguments. Petitioners also do not raise any claim based on Pardede's imputed political opinion. Accordingly, we do not consider them. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed abandoned).

In her opening brief, Pardede argues she established her eligibility for withholding of removal based on the country conditions evidence that indicates religious clashes between Christians and Muslims still occur. The record does not

compel the conclusion this evidence demonstrates a clear probability that Pardede would be persecuted on account of her Christian religion. *See Lolong v. Gonzales*, 484 F.3d 1173, 1179-81 (9th Cir. 2006) (noting the petitioner did not assert she feared being individually targeted for persecution, and finding no pattern or practice of persecution against ethnic Chinese Christians); *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). Accordingly, Pardede's withholding of removal claim fails.

Substantial evidence also supports the agency's finding that Pardede did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Indonesian government. *See Wakkary*, 558 F.3d at 1067-68; *Villegas v. Mukasey*, 523 F.3d 984, 988-89 (9th Cir. 2008). Accordingly, her CAT claim fails.

Finally, we deny as moot petitioners' motion to remand to the BIA for consideration of their applications to adjust their status. Subsequent to petitioners' motion to the court, the BIA denied their pending motion to reopen based on those applications.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**